Yongmoon Kim
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
Email: ykim@kimlf.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GISELA M. NAZARIO, *individually and on behalf of those similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>DYNAMIC RECOVERY SOLUTIONS LLC; CAVALRY SPV I, LLC; and JOHN DOES 1 to 10,<br><br>Defendants. | Civil Action No.<br><br><br><br><br><br>**CLASS ACTION COMPLAINT** |

Plaintiff, Gisela M. Nazario, by way of Class Action Complaint against Defendants, Dynamic Recovery Solutions LLC and Cavalry SPV I, LLC, states:

### I.   NATURE OF THE ACTION

1.   Plaintiff brings this action for damages against Defendants arising from Defendants' violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692–1692p.

### II.   JURISDICTION AND VENUE

2.   This Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. §§ 1331 and 1337.

3. Venue in this action properly lies in the District of New Jersey as Defendants regularly do business in this district.

### III. PARTIES

4. Plaintiff, Gisela M. Nazario ("Nazario"), is a natural person residing in Essex County, New Jersey.

5. Defendant Dynamic Recovery Solutions LLC ("DRS") is a debt collector with its principal place of business located at 135 Interstate Boulevard, Suite 6, Greenville, South Carolina, 29615.

6. Defendant Cavalry SPV I, LLC ("Cavalry SPV") is a Delaware limited liability company with its principal place of business at 500 Summit Lake Drive Suite 400, Valhalla, New York 10595.

7. The Plaintiff is informed and believes, and on that basis alleges, that Defendants John Does 1 to 10 are natural persons and/or business entities all of whom reside or are located within the United States and personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of Defendants that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by Defendants and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

8. In this pleading, "Defendants" in the plural refers to all Defendants.

### IV. FACTS

**A. Background**

9. Defendants are not in the business of extending credit, selling goods or services to consumers.

10. Defendants regularly collect or attempt to collect past-due or defaulted debts allegedly owed to others which were incurred primarily for personal, family or household purposes.

11. Defendants are in the business of collecting past-due or defaulted debts or alleged debts of natural persons.

12. Defendants use the mails, telephone, the internet and other instruments of interstate commerce in engaging in the business of collecting past-due or defaulted debts or alleged debts of natural persons which arise from transactions which are primarily for personal, family, or household purposes.

13. Defendants are engaged in the collection business.

### B. False Threat of Interest

14. Defendants have asserted that Plaintiff incurred or owed certain financial obligations arising from account(s) which debt(s) arose from one or more transactions which were primarily for Plaintiff's personal, family, or household purposes ("Debt" or "Account").

15. The debts alleged to be owed by Plaintiff and those similarly situated were incurred for personal, family or household purposes.

16. Defendants contends that the Account was past-due and in default.

17. Sometime after default, the creditor of the Account either directly or through intermediate transactions assigned, placed, transferred or sold the Debt to Defendants for collection.

18. The Account was past-due and in default when it was placed with or assigned to Defendants for collection.

19. In an attempt to collect the Debt from Nazario, Defendants mailed a collection letter to Nazario on August 7, 2018; a true copy of the collection letter, but with redactions, is attached as **Exhibit A**.

20. Defendants' collection letter states "Current Balance: $449.27". It is Plaintiff's understanding and belief that, under the terms and conditions applicable to their use of the Account, interest, late charges, and other charges and fees (such as annual fees) could accrue.

21. Further, the least sophisticated consumer would reasonably presume and understand that an account such as a Citibank, N.A. account would, if not paid in full every month, accrues interest and may accrue late charges and other charges and fees. Thus, the least sophisticated consumer would believe the truth of (a) the statement in Defendants' collection letters that the stated balance was merely the "Current Balance" as of the date of the respective collection letter, and (b) the implication that the amount due could or would increase if not promptly paid.

22. In fact, however, the balance of the Account could not increase and, even if it could increase, Defendants never intended to add, would not add, and did not add any lawful interest, late charges, or other fees and charges to increase the balance stated in Defendants' collection letters.

23. Although Defendants' collection letters qualification of the amount due as "Current Balance" was literally true, such qualification was not a fact necessary to accurately disclose the amount of the Debt. The collection letters would have accurately stated the amount of the debt by stating "The amount due is $ [the exact amount due]." or "The amount of the debt is $ [the exact amount due]." By qualifying the amount due was the "Current Balance", however, Defendants failed to accurately state the amount of the Debt, and falsely, deceptively, and

misleadingly represented to the least sophisticated consumer that the amount owed to the creditor would or could increase over time—indeed, that the amount owed had already changed by the time the collection letter was received days later.

24.  Defendants' collection letters effect of leading a consumer to conclude that the amount due is not static but, instead, could increase, materially affects the decision of the least sophisticated consumer whether to pay the debt because, with limited resources and the inability to pay all debts, such a consumer would rationally pay a debt with a balance that was increasing due to interest before paying an otherwise identical debt with a static balance.

25.  On information and belief, the collection letter attached as Exhibit A are mass-produced, computer-generated form letters—that is, it was created by merging electronically-stored information about the debts with an electronically-stored template—that is mailed to consumers in the State of New Jersey, such as Plaintiff, from whom Defendants were attempting to collect a debt.

V.  **CLASS ACTION ALLEGATIONS**

26.  It is Defendants' policy and practice to mail written collection communications, in the form exemplified in Exhibit A, in an attempt to collect consumer debts.

27.  Plaintiff brings this action individually and as a class action on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

28.  Subject to discovery and further investigation which may cause Plaintiff to modify, narrow or expand the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of Class initially defined as follows:

> **All natural persons to whom a letter from Dynamic Recovery Solutions LLC was mailed to a New Jersey address on or after August 7, 2018, in an attempt to collect a debt on behalf of Cavalry**

          **SPV I, LLC, which stated the amount of the debt to be the "Current Balance".**

29. Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all Class members under the Fair Debt Collection Practices Act.

30. The Class Claims are those claims arising under the Fair Debt Collection Practices Act arising from a letter mailed in an attempt to collect an alleged debt which stated the amount of the debt to be the "Current Balance".

31. The Class is so numerous that joinder of all members is impracticable and, on information and belief, exceeds forty members.

32. There are questions of law and fact common to the members of the Class that predominate over questions affecting only individuals.

33. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the class and will foster economies of time, effort and expense.

34. Plaintiff's claims are typical of the claims of the members of the Class.

35. The questions of law and/or fact common to the members of the class predominate over any questions affecting only individual members.

36. Plaintiff does not have interests antagonistic to those of the class.

37. The Class, of which Plaintiff is a member, is readily identifiable.

38. Plaintiff will fairly and adequately protect the interests of the Class and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed

Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling class actions, consumer and other complex litigation, and claims of the type asserted in this action.

39. The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendants in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

40. Plaintiff does not anticipate any difficulty in the management of this litigation.

### VI. FIRST COUNT: VIOLATIONS OF THE FDCPA

41. The allegations contained in the preceding paragraphs are incorporated herein and are reasserted as if repeated at length.

42. Defendants are a "debt collector" as defined by 15 U.S.C. § 1692a(6).

43. The Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

44. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

45. The collection letter attached as Exhibit A is a "communication" as defined by 15 U.S.C. § 1692a(2).

46. Defendants' mailing of the collection letter to Plaintiff in attempts to collect the Debt violated the Fair Debt Collection Practices Act (including, but not limited to, 15 U.S.C. §§ 1692e (including subsections 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(8), 1692e(9), and

1692e(10)), 1692f (including subsection 1692f(1)), and 1692g (including subsection 1692g(a)(1)).

47.     Based on any one or more of those violations, Defendants are liable to Plaintiff and to the Class for an amount of money as allowed under 15 U.S.C. § 1692k including, but not limited to, damages, costs, and reasonable attorneys' fees.

## VII.     PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Gisela M. Nazario demands judgment against Defendants, Dynamic Recovery Solutions LLC and Cavalry SPV I, LLC as follows:

A.     For certification of this instant matter as a class action, appointing the named Plaintiff as representatives of the Class, and appointing the attorneys of Kim Law Firm LLC as class counsel;

B.     An award of actual damages for Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(1) to the extent the recovery of attorney's fees and costs causes Plaintiff or the Class a negative tax consequence;

C.     For statutory damages in favor of Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(2);

D.     For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

E.     For pre-judgment and post-judgment interest; and

F.     For such other and further relief as the Court deems equitable and just.

## VIII.     JURY DEMAND

Plaintiff demands trial by jury as to all issues so triable.

## IX.     CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

                                        KIM LAW FIRM LLC

                                        *s/Yongmoon Kim*
Dated: August 7, 2019                    Yongmoon Kim
                                        *Attorneys for Plaintiff*